**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TD AUTO FINANCE LLC,** | |
|     **Plaintiff,** | **Civil Action No.: 2:13-cv-4230-JLL-JAD** |
| **v.** | |
| **CINEMA CAR II, INC.,** | **OPINION** |
|     **Defendant,** | |

**JOSEPH A. DICKSON, U.S.M.J.**

    This matter has come before the Court upon Plaintiff, TD Auto Finance LLC's, ("TD

Auto'"), Motion to Compel discovery responses and for sanctions for Defendant, Cinema Car II,

Inc.'s, ("Cinema Car"), failure to comply with this Court's June 05, 2014 Order. (See Text

Order, ECF No. 20).   After reviewing the submissions of the parties, as well as the entire record

in this case, and for good cause shown, Plaintiff's Motion is GRANTED and the Court makes the

following findings.

**BACKGROUND**

    Plaintiff served Defendant with Interrogatories and Requests for Production on December

19, 2013. (See Holtzman Decl., ¶ ¶ 3-4, ECF No. 23-3). Defendant failed to respond to the

discovery requests by the parties' agreed deadline of February 14, 2014. (ECF No. 11). On

February 24, 2014, by way of letter, Plaintiff requested a status conference with this Court in an

effort to resolve the discovery dispute. (Id.). The Court held a status conference call with the

parties on February 25, 2014. The parties, with the Court's approval, agreed to extend the

discovery deadline through June 27, 2014. (ECF No. 14). On May 01, 2014, Plaintiff informed

the Court, by way of letter, that Defendant had still yet to provide any written responses to Plaintiff's discovery requests. (ECF No. 16). The May 01, 2014 letter also explained that Plaintiff sent Defendant a letter on April 11, 2014, again requesting it to provide written responses and to complete its production of documents. (Id.). The April 11, 2014 letter also informed Defendant that if discovery was not produced by April 18, 2014, Plaintiff would seek Court intervention. (Id.) Defendant never responded to Plaintiff's May 01, 2014 letter, nor produced the written responses or documents by April 18, 2014, as requested. (Id.)

The Court held a telephonic status conference with the Parties on June 05, 2014, to discuss the discovery dispute. During the conference, Defendant assured the Court that it would serve all written responses to document requests and responsive documents by June 20, 2014. As a result of Defendant's assurances, the Court extended discovery once again through August 27, 2014. The Court also Ordered Cinema Car "to serve all written discovery responses no later than 06/20/14." (See Text Order, ECF No. 20). After not receiving discovery responses from Defendant by June 20, 2014, as agreed to and as Ordered by the Court, Plaintiff requested leave to file a motion to compel discovery. (ECF No. 21). On August 7, 2014, the Court granted Plaintiff leave to file an appropriate motion to compel discovery. (See Text Order, ECF No. 22). Plaintiff filed the instant Motion to Compel and for Sanctions on August 8, 2014. (ECF No. 23). Defendant did not file a response to Plaintiff's Motion.

## ANALYSIS

### I. Motion to Compel:

Plaintiff asks this Court to compel production of all outstanding written discovery responses and documents. (Pl. Br., ECF No. 23-2, at 6). Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which provides in part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

The broad scope of discovery rules and the liberal interpretation given them by the courts demonstrates that Congress realized that a "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507–508, (1947).

In the current case, Defendant's failure to provide relevant information has substantially prejudiced Plaintiff. Defendant's willful noncompliance has caused significant delays in the resolution of this case and has forced Plaintiff to needlessly expend time and resources. Moreover, Defendant has failed to provide any excuse for not responding to the Plaintiff's requests or the Court's June 05, 2014 Order requiring Plaintiff to serve all written discovery responses no later than June 20, 2014. Defendant has been given ample time and opportunity to provide Plaintiff with Discovery, yet has chosen not to. On August 07, 2014, this Court granted Plaintiff leave to file the instant motion to compel.

Accordingly, Defendant Cinema Car shall be compelled to answer to each pending interrogatory and document production request within fourteen (14) days. Defendant's response shall be properly certified and served within this period. All objections have been waived or lost by non-assertion.

## II.    Motion for Sanctions:

Federal Rule 37(b) provides that, in lieu of other sanctions or in addition to any of the sanctions authorized by the Rule, "the court shall require the party failing to obey the order or the

attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). In addition, attorney's fees and expenses are also authorized under Rule 37(c)(1) upon a finding that a party failed to disclose information without substantial justification. Fed. R. Civ. P. 37(c)(1).

As mentioned above, Defendant failed to answer Plaintiff's discovery, it ignored a Court Order directing it to serve all written discovery responses no later than June 20, 2014, it did not effectively respond to any of Plaintiff's good faith attempts to resolve this discovery dispute without court intervention, and it did not respond to Plaintiff's current Motion to Compel Discovery and for Sanctions. Defendant's actions have prejudiced Plaintiff in its ability to prepare its case. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding where information was only available from Defendant, Defendant's delinquency prejudiced Plaintiffs' ability to prepare effectively a full and complete trial strategy). Moreover, Defendant's dilatory behavior has wasted this Court's time and resources. See Access 4 All, Inc. v. ANI Associates, Inc., CIV. A. 04-6297 (RBK), 2007 WL 178239 (D.N.J. Jan. 12, 2007) (finding sanctions appropriate where defendant wasted plaintiffs' times in preparing motion for sanctions, and Court's time in deciding motion, when dispute should have been quickly resolved with a simple phone call or letter). Defendant's failure to comply with this Court's June 05, 2014 Order was not justified and, therefore, sanctions are appropriate. Pursuant to Rule 37(b)(2) and 38(c)(1), this Court will require Cinema Car to pay the Plaintiff's reasonable attorneys' fees and expenses incurred in connection with Plaintiff's instant motion brought to invoke discovery compliance even *after* this Court's June 05, 2014 Order directing compliance.

## CONCLUSION

Plaintiff's motion to compel discovery responses is **GRANTED**.  Defendant shall produce responses to Plaintiff's Request for Production of Documents by no later than November 10, 2014.  Failure to do so will subject Defendant to further sanctions.

Plaintiff's instant request seeking Sanctions is also **GRANTED**.  Plaintiff shall submit an affidavit of counsel detailing the attorney's fees associated with its Motion to Compel and for Sanctions on or before November 05, 2014.  Defendant shall pay all reasonable expenses associated with the drafting of Plaintiff's Motion to Compel and for Sanctions through the preparation of such affidavit.[1]  Defendant shall respond within 10 days after the filing thereof. An appropriate Order will be issued once the Court independently reviews Plaintiff's proffer and Defendant's submission, if any.

JOSEPH A. DICKSON, U.S.M.J.

cc:     Honorable Jose L. Linares, U.S.D.J.

---

[1] When imposing monetary sanctions under Rule 37, the fees or costs must be reasonable. Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997). Plaintiff bears the burden of proving the reasonableness of their hours and fees.  Washington v. Philadelphia County Court, 89 F.3d 1031, 1035 (3d Cir. 1996).